UNITED STATES DISTRICTCOURT
EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| MICHAEL PARKE | : | |
| Plaintiff, | : | NO. 2:20-cv-04487-ER |
| v. | : | |
| TRANS UNION, LLC | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## AMENDED COMPLAINT

1. This is an action for actual, statutory, compensatory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Honorable Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant in this matter resides in the Commonwealth of Pennsylvania, as defined under 28 U.S.C. §1391(c)(2).

## PARTIES

4. Plaintiff is a natural person and a "consumer," as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Trans Union, LLC, is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of

furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant Trans Union is reporting Plaintiff's Fedloan account number 0002 on Plaintiff's Trans Union credit report.

8. Plaintiff's debt with Fedloan arose from a school loan. Fedloan closed the account on or about 11/14/2016. Plaintiff's payment obligations to Fedloan ceased.

9. The tradeline was updated to reflect a $0 balance when the account was closed on 11/14/2016.

10. According to Plaintiff's TransUnion Investigation Results dated 09/15/2018, Plaintiff's Fedloan account was closed with a $0 balance on or about 11/14/2016. Despite the Fedloan account being closed with a $0 balance on or around 11/14/2016, Fedloan continued to report an erroneous pay status of "Account 120 Days Past Due Date" for the above-listed account on Plaintiff's Trans Union investigation results dated 09/15/2018. It is impossible and incorrect for an account that is closed with a "0" balance as of to still be reporting as 120 days past due as of 09/15/2018. Not only is the Fedloan account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously closed with a $0 balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

11. The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and

is critical in maintaining accurate reporting. The account is inaccurately reporting that Plaintiff is currently 120 days past due on an account that has a $0 balance. Plaintiff's financial obligations that were once due to Fedloan has ceased. On 11/14/2016 when the account actually closed, the "pay status" data field should have been reported as "closed." Instead of reporting the account as currently 120 days past due, the correct reporting would have reported the pay status as "closed". To report the account as currently 120 days past due date is reporting as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 120 days past due is reporting as if Plaintiff is currently late on payments to Fedloan even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance; the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

12. Plaintiff disputed the inaccurate late pay status on their Fedloan account through a dispute letter sent to Trans Union.

13. Trans Union did not follow reasonable procedures to assure maximum possible accuracy, and have been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

14. Trans Union did not provide a good faith investigation into the disputed pay status of the Fedloan account. Trans Union did nothing more than parrot inaccurate data from Fedloan in their investigation.

15. Based upon information and belief, Trans Union received Plaintiff's dispute and transmitted the dispute to Fedloan, triggering the investigations duties for Trans Union and Fedloan. Trans Union failed. Had Trans Union conducted a good faith investigation, they would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong. Instead, Trans Union verified the erroneous trade line displaying the late pay status.

16. Fedloan continues to report, and Trans Union continue to allow Fedloan to report, a pay status indicating that the debt is currently late.

## COUNT I
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

17. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

18. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff, as that term is used and defined under 15 U.S.C. § 1681a.

19. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

20. Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Trans Union allowed Fedloan to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

21. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

22. Plaintiff's Fedloan account was closed with a $0 balance, but Trans Union continues to report the account with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that this account was paid, however, they continue to report a current status as past due.

23. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

24. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual, compensatory and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover damages under 15 U.S.C. § 1681o.

## COUNT II
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT

25. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

26. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

27. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

28. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Trans Union reinvestigate the inaccurate reporting of the current pay status on their Fedloan account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Account 120 Days Past Due".

29. Trans Union did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Fedloan was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Trans Union failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Fedloan account. Trans Union simply parroted data from Fedloan. Trans Union did nothing more than to simply regurgitated data from Fedloan.

30. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

31. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

32. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover damages under 15 U.S.C. § 1681o.

33. Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Fedloan on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

34. At all times pertinent, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

35. At all times pertinent, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Dated: December 23, 2020

Respectfully submitted,

/s/Dennis McCarty
Dennis McCarty (pro hac vice)
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com

Gary Schafkopf, PA Bar No. 83362
Hopkins Schafkopf, LLC
Bala Cynwyd, PA 19004
T: 610-664-5200
gschafkopf@gmail.com

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
PA Attorney ID #: 85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax
mweisberg@weisberglawoffices.com
*Attorneys for Plaintiff*