```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL PARKE,                  :    CIVIL ACTION
                                :    NO. 20-4487
         Plaintiff,             :
                                :
    v.                          :
                                :
TRANS UNION, LLC,               :
                                :
         Defendant.             :
```

**ORDER**

**AND NOW,** this **5th** day of **March, 2021,** after considering Defendant's Motion for Judgment on the Pleadings (ECF No. 23), Plaintiff's Response in Opposition with Partial Cross-Motion for Judgment on the Pleadings or to Amend Complaint (ECF No. 25), Defendant's Response in Opposition with Motion for Leave to File a Reply (ECF No. 26), and Defendant's Notice of Supplemental Authority (ECF No. 30), it is hereby **ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 23) is **GRANTED** with leave to amend.[1] Plaintiff is afforded until **March 25, 2021,** to file an Amended Complaint or to stand on his complaint;[2]

2. Plaintiff's Partial Cross-Motion for Judgment on the Pleadings or to Amend Complaint (ECF No. 25) is **DENIED**;[3] and

3. Defendant's Motion for Leave to File a Reply (ECF No. 26) is **GRANTED.**

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

[1] Plaintiff Michael Parke alleges Defendant Trans Union LLC violated the Fair Credit Reporting Act (FCRA) by reporting inaccurate information on his credit report and by failing to conduct a good faith investigation into the allegedly inaccurate reporting. Trans Union's motion for judgment on the pleadings is presently before the Court.

Because the Court concludes, as a matter of law, that the reported information Parke challenges is neither inaccurate nor misleading, Trans Union's motion will be granted.

I.   Background

Parke's Trans Union credit report references his previous student loan debt with Fedloan. Fedloan closed Parke's account around November 14, 2016, and his payment obligations to the lender ceased. Parke alleges that "[d]espite the Fedloan account being closed with a $0 balance . . . , Fedloan continued to report an erroneous pay status of 'Account 120 Days Past Due Date'" for the account. Am. Compl. ¶ 10, ECF No. 18. According to Parke, "[n]ot only is the Fedloan account false on the face of the credit report but this reporting is extremely misleading because it makes it look like [Parke] is still late on this account." Id.

Parke alleges Trans Union "did not follow reasonable procedures to assure maximum possible accuracy, and ha[s] been reporting false and inaccurate information even after they knew or should have known the information was incorrect." Id. ¶ 13. He also alleges Trans Union "did not provide a good faith investigation into the disputed pay status." Id. ¶ 14.

II.  Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When considering a Rule 12(c) motion, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II), 751 F.3d 150, 153 n.4 (3d Cir. 2014) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)).

III. Discussion

Judge Kearney recently considered a factually analogous case. See Bibbs v. Trans Union LLC, No. CV 20-4514, 2021 WL 695112 (E.D. Pa. Feb. 23, 2021), appeal filed, 21-1350 (3d Cir.). After analyzing the relevant caselaw, he concluded that the reported information, considered in context, was neither inaccurate nor misleading. This Court agrees with Judge Kearney's thorough analysis.

Here, while the investigation report excerpts Parke challenges show his pay status as ">Account 120 Days Past Due Date<," the excerpts also show that the accounts: (1) have a zero-dollar balance; (2) were last updated on November 14, 2016; (3) were closed on November 14, 2016; (4) had a maximum delinquency of 120 days in February and November 2016; and (5) were closed because they were transferred to another office. See Def.'s Mot. J. Pleadings Ex. A, ECF No. 23. Additionally, the "Ratings" section provides data on Parke's payment status up until October 2016 but does not provide data beyond then. See id. Like the plaintiff in Bibbs, Parke essentially asks the Court to limit its review to the pay status, "ignore all other tradelines, and determine a reasonable creditor would mistakenly believe []he currently owes past due payments on these accounts." Id. at *7.

While Parke argues that questions about the inaccurate or misleading quality of information are for the jury, the material facts asserted in the pleadings are not in dispute. After construing those facts in the light most favorable to Parke and drawing all inferences in his favor, the Court concludes as a matter of law that the reported information is neither inaccurate nor misleading. Therefore, the Court will grant Trans Union's motion for judgment on the pleadings.

---

[2] Parke filed under this docket a request for a stay captioned under a different case number. See Pl.'s Omnibus Notice with Request for Stay, ECF No. 31. The Court construes this as a request to stay the instant action pending the Third Circuit's adjudication of Bibbs. The request is denied.

[3] Parke moves for partial judgment on the pleadings on the issue of accuracy, arguing the investigation results are "patently inaccurate and materially misleading." Pl.'s Resp. Opp'n 4, ECF No. 25. In the alternative, he seeks leave to amend.

As set forth above, the Court concludes as a matter of law that the results are neither inaccurate nor misleading. See supra n.1. Parke's motion for partial judgment on the pleadings will therefore be denied.

Given that Trans Union's motion for judgment on the pleadings was granted with leave to amend, the Court will deny as moot Parke's alternative motion for leave to amend.